RECEIVED CLERK'S OFFICE

2009 APR 17 A 9:42

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith G. Coleman, # 09587-021, ) | C/A No. 9:09-0805-RBH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Mildred Rivera, Warden FCI Estill, ) | |
| ) | |
| Respondent. ) | |

### *Background of this Case*

The petitioner is an inmate at FCI-Estill in Hampton County, South Carolina. He has submitted a pleading styled as a "PETITION FOR THE WRIT OF HABEAS CORPUS TITLE 28 U.S.C. § 2241 AND TITLE 28 U.S.C. § 1651 'ALL WRITS ACT[.]'" The petitioner discloses that he was charged in a nine-count indictment issued by the United States District Court for the Southern District of Georgia (Savannah Division) with conspiracy to aid and abet the distribution of cocaine, attempted distribution of cocaine, and carrying a firearm during a drug trafficking crime. The jury found him guilty on all counts. The petitioner's convictions were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States denied discretionary appellate review.

The petitioner discloses that he filed a Section 2255 action in the trial court and raised claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The United States District Court for the Southern District of Georgia denied relief, and the United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. The

1

petitioner states that he is bringing the above-captioned case so that this federal court can address his "claim of actual innocence."

The petitioner contends: *(1)* he is actually innocent of the convictions because a defendant cannot conspire with a government agent, such as an informant or a cooperating witness; *(2)* the trial court erroneously instructed the jury that it could convict the petitioner for a different crime than the one for which he had been indicted; and *(3)* the petitioner's trial and appellate attorney was ineffective.[1] The petitioner states that he has exhausted his Bureau of Prisons remedies in the above-captioned case. The petitioner's exhibits reflect a denial at the regional level on October 8, 2008, and an appeal on October 26, 2008, to the Bureau of Prisons' Central Office.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th

---

[1] The petitioner notes that his former trial attorney had various disciplinary issues with the United States District Court for the Southern District of Georgia. The petitioner's exhibits show that his trial attorney subsequently agreed to resign from the Southern District of Georgia Bar and not to reapply for admission during the following five-year period. *See* Order No. 401-19, *In Re: Joyce M. Griggs*, of May 9, 2001.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by (continued...)

2

Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case are not proper § 2241 grounds for relief. "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute . . . but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-130 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).

---

(...continued)
*Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

Hence, since the petitioner is seeking relief from his convictions entered in the United States District Court for the Southern District of Georgia, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 U.S.Dist. LEXIS 17611, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead.*

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a



4

collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner here, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove,* 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). However, the fact that the petitioner may be precluded from raising his grounds in a successive § 2255 petition does not render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter,* 2005 U.S.Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005) (magistrate judge's Report and Recommendation). *See also United States v. Winestock*; and *Rhodes v. Houston,* 258 F. Supp. 546 (D. Neb. 1966).[3]

---

[3]The holding in *United States v. Winestock* is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in *Rhodes v. Houston*:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in *In re Potts,* 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
> 'When the merits of a case have been once decided by this court on

(continued...)

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. Indeed, before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Eleventh Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia. The applicable form, which is seven pages in length, is entitled an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255

---

(...continued)

> appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. *Ex parte Story*, 12 Pet. 339 (9 L.Ed. 1108); *Southard v. Russell*, 16 How. 547, (14 L.Ed. 1052); *Ex parte Dubuque & P.R. Co.*, 1 Wall. 69, (17 L.Ed. 514); *Stewart v. Salamon*, 97 U.S. 361, (24 L.Ed. 1044; *Gaines v. Rugg*, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in *Southard v. Russell*, above cited, said: 'Nor will a bill of review lie in the case of newlydiscovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

*Rhodes v. Houston*, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

6

by a Prisoner in Federal Custody."[4] The mailing address of the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit is 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file a return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the very important notice on the next page.

April 16, 2009  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[4]Each United States Court of Appeals has developed its own applicable form for determining motions for leave to file a successive petition. The five-page form used by the United States Court of Appeals for the *Fourth Circuit* is called a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

7

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



8