UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Keith G. Coleman, | Civil Action No.: 9:09-cv-00805-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Mildred Rivera, Warden FCI Estill, | |
| Respondent. | |

The Petitioner, Keith G. Coleman, is a federal prisoner proceeding *pro se* and *in forma pauperis* under Title 28 U.S.C. § 2241. He is currently an inmate at FCI-Estill in Hampton County, South Carolina.

This case was assigned to United States Magistrate Judge Bristow Marchant.[1] Pending before the court is a Report and Recommendation [Docket Entry #10] from the Magistrate Judge filed on April 17, 2009. In the Report, the Magistrate Judge recommended that the petition should be dismissed without prejudice and without requiring Respondent to file a return. The Magistrate Judge concluded that the claims raised in the petition are not proper § 2241 grounds for relief, and can only be cognizable, if at all, in a § 2255 action. Petitioner filed his Objections to the Report and Recommendation [Docket Entry #12] on April 27, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

Petitioner submitted this petition styled as a "PETITION FOR THE WRIT OF HABEAS CORPUS TITLE 28 U.S.C. § 2241 AND TITLE 28 U.S.C. § 1651 'ALL WRITS ACT[.]'" Petitioner disclosed that he previously filed a § 2255 action raising claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), in the United States District Court for the Southern District of Georgia, which ultimately denied relief. In this petition, Petitioner "seeks review by this court to address his claim of actual innocence . . . ." *Petition* at 2 (Page 4 of Docket Entry #1). He contends: (1) he is actually innocent of the convictions because he was convicted of a non-offense; (2) the trial court erroneously instructed the jury that it could convict Petitioner for a different crime than the one for which he had been indicted; and (3) ineffective assistance of counsel by his trial and appellate attorney.

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). To collaterally attack the validity of a federal conviction or sentence, a prisoner is required to file a motion pursuant to 28 U.S.C. § 2255. *Id.* A § 2241 motion is used to attack only the execution of the sentence. *Id.* at 1194 n.5. The court does recognize exceptions to this framework. When § 2255 is deemed to be "inadequate or ineffective to test the legality of . . . detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Id.* Moreover, "§ 2255 is not rendered inadequate or ineffective merely . . . because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. Accordingly, § 2255 is not rendered inadequate as to Petitioner on the basis that he failed to obtain relief through a previously filed § 2255 motion and may be precluded from raising his grounds again in a successive § 2255 motion.

Moreover, the claims raised in the petition presently before the court are not proper § 2241 grounds for relief. Petitioner alleges actual innocence and seeks relief from his federal conviction, but such claims are cognizable, if at all, only under Title 28 U.S.C. § 2255. It is the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Therefore, notwithstanding that Petitioner styled this petition as a "WRIT OF HABEAS CORPUS TITLE 28 U.S.C. § 2241," it can only be viewed as seeking § 2255 relief

based on its contents. Because Petitioner attacks the validity of his conviction, the only proper motion for relief he may bring is pursuant to § 2255.[2]

In his objections, Petitioner argues that his alleged actual innocence should overcome any bars to seeking § 2241 habeas review in this court. In support, he cites *Murray v. Carrier*, 477 U.S. 478 (1986). However, Petitioner's argument is without merit, as the *Murray* case is not applicable to our facts. The *Murray* case involves a state prisoner seeking federal habeas review and his attempt to overcome procedural bars that were incurred during his state court litigation. However, in our case, Petitioner is a federal prisoner proceeding under § 2241, an entirely distinct habeas claim. Here, Petitioner simply raised claims in his petition not cognizable under Title 28 U.S.C. § 2241.

After reviewing the Report and Recommendation, objections, pleadings, memoranda, and applicable law, the court agrees with the Magistrate Judge. Because Petitioner is attacking the validity of his conviction, he may do so only by properly filing a § 2255 motion. A § 2255 motion must be filed with the court that entered the conviction.[3] Therefore, at this time, Petitioner's only judicial remedy is to seek leave to file a second or successive § 2255 petition from the United States Court of Appeals for the Eleventh Circuit.

## **Conclusion**

For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and adopts and incorporates by reference the Report and

---

[2] The Magistrate Judge notes in his Report and Recommendation that Petitioner's available judicial remedy is to seek leave (i.e., written permission) to file a successive § 2255 petition from the United States Court of Appeals for the Eleventh Circuit. *Report and Recommendation* at 6.

[3] "A prisoner . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added).

Recommendation of the Magistrate Judge. This case is hereby **DISMISSED** *without prejudice* and without requiring Respondent to file a return.

    **IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

October 27, 2009
Florence, South Carolina